[No. 14718.   Department One.   October 14, 1918.]

L. F. LUNDY et al., *Respondents*, v. BEND PARK COMPANY, *Appellant*.[1]

TRIAL—INSTRUCTIONS—REQUESTS.   It is not error to refuse requested instructions which are covered in the general charge.

VENDOR AND PURCHASER—REMEDIES OF VENDEE—RECOVERY OF PURCHASE MONEY—INSTRUCTIONS.   In an action to rescind a sale of real property and recover purchase money, an instruction that the written contracts contained warnings against oral representations not contained in its authorized literature are properly refused, where it appears that such literature was not generally obtainable at the time, and such as was obtainable contained the false representations.

Appeal from judgments of the superior court for King county, Smith, J., entered October 11, 1917, upon the verdicts of a jury rendered in favor of the plaintiffs, in consolidated actions for rescission.   Affirmed.

[1]Reported in 175 Pac. 294.

*Brightman & Tennant* and *Silvain & Butler (Fred G. Clarke,* of counsel), for appellant.

*Walter B. Allen,* for respondents.

TOLMAN, J.—Two actions were brought in the superior court of King county (one by each of the respondents) to rescind contracts for the purchase of certain lots in Bend, Oregon, and to recover the purchase money paid thereon, which actions were consolidated and tried together to a jury. Separate verdicts were rendered and separate judgments entered thereon, one in favor of each of the respondents, and this appeal is prosecuted from both of such judgments, the causes being treated as consolidated in this court.

Both respondents began to purchase lots at about the same time, through the same agent, and allege that they were induced to do so by practically the same representations, all of which are claimed to have been false and fraudulently made.

Error is assigned upon the refusal of the trial court to grant a nonsuit at the close of respondents' case, the refusal to direct a verdict in favor of appellant, and the refusal to give certain requested instructions.

The first two and the last three assignments of error are based upon the claim that there was not sufficient evidence to go to the jury. As is usual in cases of this kind, there was considerable conflict in the testimony, which is voluminous, and because of the double issues involved, cannot be set out so as to give the reader an intelligent idea of its force and effect without unduly extending this opinion. After a careful reading of the evidence and examination of the record, we are convinced that there was sufficient evidence to carry the case to the jury upon all of the issues submitted, under the well established rules of law in this state relating

to cases of this character, and that the court did not err in that respect.

Appellant's requested instructions Nos. 3 and 4 were, so far as they were proper, fully covered by the instructions given; and those portions thereof which were intended to tell the jury that the written contracts contained warnings that appellant would not be bound by any oral representations by whomsoever made not contained in its authorized literature and that the same were binding upon respondents were properly refused because of the testimony in the case that, at the time of the purchase, but little of appellant's literature had been printed or was obtainable at its office, and that such as was obtainable did contain, in part at least, the false representations upon which respondents based their actions.

We are unable to grasp any theory of the case which would make appellant's requested instruction No. 5 proper, and can see no good purpose to be served by setting forth the requested instruction and further commenting thereon.

Having found no error, the judgments appealed from will be affirmed.

Main, C. J., Mitchell, Parker, and Fullerton, JJ., concur.