[No. 14783. Department One. April 3, 1919.]

GEORGE A. WELCH, *Appellant*, v. BEND PARK COMPANY, *Respondent*.[1]

VENDOR AND PURCHASER (60, 73) — RESCISSION BY PURCHASER — FRAUD—EVIDENCE—SUFFICIENCY. A vendee is entitled to rescind a sale for fraud in misrepresentations as to actual physical conditions and improvements stated to exist and in contemplation, although he visited the property, where he was prevented from making a full investigation, and reassured and imposed upon by further misrepresentations.

Appeal from a judgment of the superior court for King county, Smith, J., entered October 10, 1917, in favor of the defendant, notwithstanding the verdict of a jury in favor of plaintiff, dismissing an action for the rescission of a sale of land. Reversed.

*Walter B. Allen*, for appellant.

*Brightman & Tennant* and *Silvain & Butler (Ogden & Clarke*, of counsel), for respondent.

MITCHELL, J.—The Bend Park Company is a domestic corporation, with its principal place of business in Seattle, Washington. It owned and engaged in the sale of real property situated in Bend, Oregon. By several contracts, it sold to George A. Welch, in Seattle, a number of pieces of such property on the installment plan. After making a number of payments in the course of more than two years, Welch became dissatisfied, so notified respondent, demanded his money back, and, upon being refused, brought this action to recover it, alleging that he was induced to enter into the contracts by false representations made to him by respondent, that were relied on.

During the pendency of the action in the superior court, there were two other cases of the same kind in

[1] Reported in 180 Pac. 145.

that court, namely, Lundy v. Bend Park Company and Deibler v. Bend Park Company. Those two cases and this one were consolidated in the superior court for the purpose of trial to the same jury. Separate verdicts were returned by the jury in favor of each of the three plaintiffs. In the Lundy and Deibler cases, judgments were rendered on the verdicts, which, upon appeal, were affirmed at a former session of this court. *Lundy v. Bend Park Co.*, 103 Wash. 695, 175 Pac. 294. In the present case, however, the trial court granted defendant's motion for a judgment notwithstanding the verdict, and dismissed the action. Plaintiff has appealed, and assigns the granting of the motion as the sole error.

An examination of the record convinces us that, while this case is not as strong against respondent as the other two cases referred to, it is not to be successfully assailed by motion *non obstante*. It happens the evidence shows conduct and statements on the part of appellant tending to show he is not entitled to prevail, as to all of which, however, he offers reasonable explanation. On the other hand, there is substantial proof in support of his cause of action. Without question, he was induced at the first to make purchases by reason of largely overdrawn representations made by respondent as to the actual physical conditions, improvements stated to already exist and others under contract for construction in the town of Bend. There is evidence to show he wanted to go to see the property after buying the first two lots, but respondent put him off, saying its plan was to run an excursion from Seattle to Bend at respondent's expense and that they did not have enough to make an excursion yet awhile. Finally, about July, 1915, he went to Bend by private conveyance with an agent of re-

spondent who took him around Bend so quickly he was unable to see all of his own property. Appellant was dissatisfied with his purchase and the outlook, and so notified the agent while they were at Bend. The situation there was not as represented, and upon his return to Seattle, he so informed the manager of respondent and demanded the return of the money he had paid. The manager then reassured and satisfied him, saying the Strahorn railroad was going to parallel the present railroad, and that rails therefor would be laid within ninety days near appellant's property— marking upon a plat a line indicating where the road would run; that it had already bought the right of way, and that the construction contract had been entered into by the railroad company; that respondent had only about seventy-five lots left, after the sale of which respondent would inaugurate a re-sale plan at higher prices and sell appellant's lots for him accordingly; that respondent had already let a contract with a Portland firm to build five hundred houses in different parts of Bend, some of which would be built near appellant's property; and that a block [near appellant's property] had been sold to a manufacturing company for the erection of a large manufacturing plant. Appellant's patience was imposed upon and his beliefs were unsatisfied. Two years later, at the trial, there was evidence to show that none of the above-mentioned representations were true or in the process of materializing, except, possibly, the establishment of a sawmill—one of the many earliest promises and representations.

The testimony pertaining to this case is so intermingled with that of the two other cases, constituting, altogether, a large record, that we find it nearly impossible to reasonably refer to that portion applica-

ble only to this case except at the risk of unwarranted length and tediousness of writing. An examination of all of it, however, satisfies us there is enough proof favorable to appellant to put the case beyond the reach of the motion which was granted.

Judgment reversed.

CHADWICK, C. J., MAIN, and TOLMAN, JJ., concur.